IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 4:24-cr-117 |
| v. | ) ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| DEVONCE DEONTAZ ARMSTRONG, | ) ) | |
| Defendant. | ) | |

## INTRODUCTION

Defendant fled on foot from law enforcement after previously discarding a bag containing a loaded firearm and a small quantity of cocaine. He has a violent criminal history, specifically using firearms to carry out his assaults, and one prior drug trafficking conviction. The Court should sentence him to 84 months in prison.

## PROCEDURAL BACKGROUND

Defendant was charged by Indictment with one count of being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). On December 31, 2024, Defendant pled guilty to Count One of the Indictment. There are no counts to be dismissed. There are limited objections to be resolved related to Defendant's gang affiliation.

1

## SENTENCING GUIDELINES

The parties agree the PSR correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| Base Offense Level (§2K2.1(a)(2)) | 24 |
| Acceptance of Responsibility (§3E1.1) | -3 |
| Total Offense Level | 21 |
| Criminal History Category | VI (14) |
| Guidelines Sentencing Range: | 77 to 96 months' imprisonment |

## OBJECTIONS

The only remaining objections to the Presentence Investigation Report (PSR) are whether (1) Defendant's gang affiliation information should be included; and (2) the imposition of the gang affiliation special condition. The government has no independent information about Defendant's gang affiliation, and the inclusion of the affiliation and special condition appears to be based on information the probation office received as part of the PSR process. The parties requested that documentation, which is filed under seal as Government's Exhibit 1. The government asks the Court to consider this information only in determining whether the gang affiliation information and special condition should remain in the PSR for Defendant's safety and rehabilitation—and the safety and security of any correctional and supervision staff. The government does not offer Government's Exhibit 1 as a § 3553(a) factors and asks the Court not to consider any purported gang affiliation in determining the sentence to impose.

## THE OFFENSE

On July 7, 2024, law enforcement was notified after a female called 911 reporting that Defendant exited the vehicle and threw a gun into a dumpster. PSR ¶ 7. When police arrived, Defendant fled on foot. A search of the bag inside the dumpster recovered a loaded gun and cocaine. *Id*. ¶ 8.

## THE SENTENCE

The Court should impose a sentence of 84 months in prison, which is "sufficient but not greater than necessary" to achieve the goals of sentencing. *See* 18 U.S.C. § 3553(a).

Defendant's crime was serious—he knowingly possessed a loaded gun as a felon. He then disposed the firearm in a public dumpster. But, Defendant's possession of that loaded gun is particularly aggravating given his violent and extensive criminal history. In 2013, at age 18, Defendant was convicted of three counts of armed robbery and one count for felony weapons, felony firearm. PSR ¶ 27. About five years later, at age 23, he was convicted of assault causing bodily injury after he physically assaulted the victim, pointed a firearm in her face, and threatened to shoot her. *Id*. ¶ 28. Within a year of that crime, he was convicted of assault with a dangerous weapon, reckless use of a firearm causing bodily injury, and willful injury causing bodily injury after he shot the victim three times near an occupied restaurant. *Id*. ¶ 29. While on parole for this conviction, three years later, Defendant was convicted of drug trafficking. *Id*. ¶ 31. While incarcerated, Defendant assaulted another inmate. *Id*. ¶ 32. In 2023, at age 29, Defendant stole checks belonging to an elderly memory care patient. *Id*. ¶ 33.

3

He has a history of non-compliance while on supervision. *Id.* ¶¶ 27-29, 31.

Defendant's criminal history shows an affinity for guns and using those guns in violent crimes. He continues to choose violence. He is, in short, the last person who should have a gun.

The government acknowledges Defendant's traumatic childhood. However, Defendant's continued possession of firearms in conjunction with his history of violence shows the need for a significant prison sentence. The safety of the community must be the paramount consideration, and this case warrants a guideline sentence.

## CONCLUSION

The Court should impose a sentence of 84 months' imprisonment.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/ Mikaela J. Shotwell*
Mikaela J. Shotwell
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309-2053
Tel: (515) 473-9300
Email: Mikaela.Shotwell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2025, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

\_\_\_\_ U.S. Mail  \_\_\_\_ Fax  \_\_\_\_ Hand Delivery

 X  ECF/Electronic filing  \_\_ Other means (email)

UNITED STATES ATTORNEY
By:   */s/Mikaela J. Shotwell*